W. F. M. Greenway *et ux.,* plaintiffs in error, *vs.* Nathaniel H. Goss, defendant in error.

Complainant conveyed land to defendant by warranty deed taking note for purchase money.   Defendant, for the purpose of defeating the collection of the note, conveyed to a *bona fide* purchaser without notice, in exchange for other land.   He then induced his wife to have latter property covered by a homestead.   Complainant filed his bill to make the homestead subject .to his claim.   A demurrer thereto should have been sustained upon the sole ground that it appeared that the debt sought to be enforced was contracted prior to the adoption of the constitution of 1868, and therefore the homestead did not prevent the sale of the property under final process.

Equity.    Homestead.    Before Judge Knight.    Fannin Superior Court.    May Term, 1875.

Reported in the decision.

THOMAS F. GREER; C. D. PHILLIPS; H. P. BELL, for plaintiffs in error.

WIER BOYD, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendants for equitable relief in which the following facts are substantially alleged: In March, 1866, the complainant sold to one Greenway a settlement of land in Dawson county for $700 00 and took his note for the purchase money making him a warranty deed to the land. After the maturity of the note given for the land, suit was instituted thereon, and judgment obtained in April, 1872. The complainant also alleges that the defendant, for the purpose of defeating the collection of his debt by the sale of said land under the execution issued on his judgment, fraudulently exchanged the same with one Forester, for a settlement of land in Fannin county, said Forester having no notice that the purchase money was due for the land in Dawson county. Soon after the exchange of lands as aforesaid, the defendant went into the possession of the land in Fannin county, and for the purpose of defeating the collection of complainant's debt, procured his wife, Drucilla, to apply for and obtain a homestead on the land in Fannin, which was all the property owned by defendant; he is insolvent, and said exchange of lands as before stated, between defendant and Forester, was made for the express purpose of defeating the collection of complainant's debt due for the purchase money of the land in Dawson county; the sheriff of Fannin county doubts his right and authority to levy the complainant's execution upon the homestead land in Fannin county and sell the same for the purchase money due for the land in Dawson county, and has refused to do so, although the same is equitably bound for the payment thereof. Wherefore the complainant prays for a decree that the homestead

land in Fannin county may be sold and the proceeds thereof be applied to the payment of his judgment debt for the purchase money due for the land in Dawson county, which was exchanged for the land in Fannin county on which the homestead is located. To this bill of the complainant the defendants demurred for want of equity, and because the complainant had a complete remedy at law. The court overruled the demurrer and the defendant excepted.

If the contract on which the complainant's judgment is founded had been made subsequently to the adoption of the constitution of 1868, allowing the homestead exemption, we should have sustained the complainant's bill in view of the allegations contained therein, but inasmuch as the contract of indebtedness was made prior to 1868, the homestead exemption on the land in Fannin is not valid as against the complainant's judgment founded on that contract, and the plain, simple remedy for the complainant is to levy his execution upon the land in Fannin county, and have the same sold in satisfaction thereof. If the sheriff shall refuse to levy the execution on the land when instructed to do so, the law provides an ample remedy against the sheriff for his neglect of duty.

Let the judgment of the court below be reversed.